**UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TINA HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-01429-CDP |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Comes now Defendant Medicredit, Inc. ("Medicredit" or "Defendant") and states as follows for its Memorandum in Opposition to Plaintiff's Motion for Class Certification:

## I. INTRODUCTION

Plaintiff filed this action in the Circuit Court of Warren County, Missouri on July 14, 2016 and it was timely removed by Medicredit to this Court on September 7, 2016. In its removed Petition (Doc. 4, the "Complaint), Plaintiff purports to state a claim against Medicredit for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") arising from a voice mail message Medicredit allegedly left on the Plaintiff's cellular telephone on July 31, 2015. (Doc. 4 at ¶¶ 10-11).

Contemporaneously with the filing of the Complaint, Plaintiff also filed a Motion and Memorandum in Support for Class Certification (Doc. 5, the "Motion"). Based on this single alleged voice mail message, <u>the content of which is unknown at this time</u>, Plaintiff seeks to certify the following broad class:

> All persons with collections account in Defendant's office who received a collections voice message, in which message, Defendant failed to include the disclosures required by 15 U.S.C. § 1692e(11).

(Doc. 4 at ¶ 14; Doc. 5 at p. 2). As further set forth below, the Motion is premature and inadequate, and must be denied.

## II. STANDARD OF REVIEW

Before this Court may certify a class, Plaintiff must demonstrate that all the requirements of Fed. R. Civ. P. 23(a) are satisfied, and that all of the requirements of one of the subsections of Fed. R. Civ. P. 23(b) are satisfied. *See, e.g.*, *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013). In determining whether the Rule 23 prerequisites are met, courts must conduct a "rigorous analysis" and may need to "probe behind the pleadings" before certifying a class. *Comcast*, 133 S.Ct. at 1432, quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982). The "party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23," and must do so through "evidentiary proof." *Comcast*, 133 S.Ct. at 1432, quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

## III. ARGUMENT

### (A) The Motion for Class Certification is Premature.

The Motion is premature and patently inadequate. ***First***, the Motion utterly fails to include any "evidentiary proof" as required for a class to be certified. *Comcast*, 133 S.Ct. at 1432. The Motion is unverified, unaccompanied by supporting affidavits or documents, and does not even purport to be made on personal knowledge. Moreover, it merely tracks the elements of Rule 23 certification, and alleges no *facts* (evidentiary or otherwise) to support certification, other than a statement like "Plaintiff anticipates discovery evidence," "Plaintiff expects that there are hundreds to thousands…." there are "at least hundreds of persons who fall within the Class definition." (Doc. 5 at p. 2). Plaintiff's Complaint and Motion do not even

inform Defendant or the Court what was allegedly said in the July 31, 2015 message giving rise to this putative class action or how what was said or not said violates the FDCPA. Plaintiff's Complaint and Motion do not inform Defendant or the Court if the message was pre-recorded or live.

***Second***, the Motion is also premature and presumably was filed a "placeholder" to avoid a Rule 68 "pick off." The propriety of certifying a class action is rarely determined on the basis of the pleadings alone. *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977). "The District Court must have before it 'sufficient material . . . to determine the nature of the allegations, and rule on compliance with the Rule's requirements . . . .'" Id. (quoting *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)). Here, Plaintiff prematurely filed her motion for class certification despite her inability to show compliance with the requirements of Rule 23. Because she filed the motion contemporaneously with her complaint, discovery has not yet been completed and cannot begin until after the parties have conferred under Rule 26. As a result, Plaintiff cannot "prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 131 S.Ct. at 2550.

Courts in this District and elsewhere have rejected this practice. *See Geismann v. Be-Thin, Inc.*, No. 307 F.R.D. 495, 498 (E.D. Mo. May 11, 2015 (Judge Webber denied plaintiff's premature motion for class certification without prejudice to refiling "when the facts have developed enough to allow for a ruling on class certification"); *Degnen v. Dental Fix RX, LLC*, 4:15-cv-1372-JAR, 2016 U.S. Dist. LEXIS 103155 *2 (E.D. Mo. Aug. 5, 2016)(Judge Ross denied plaintiff's premature motion for class certification without prejudice "to refiling at appropriate time"); *Physicians Healthsource, Inc. v. Express Scripts Servs. Co.*, 4:15-cv-664-JAR, 2016 U.S. Dist. LEXIS 42131 (E.D. Mo. March 30, 2016)(Same); *Hornsby v. McDonald's*

*USA, LLC,* No. 14-cv-02288 (M.D. Fla. Oct. 7, 2014) (plaintiff's motion for class certification was denied without prejudice because "it burdens the Court with an obviously premature motion that is devoid of content"); *Carlin v. Davidson Fink, LLP*, No. 13-cv-6062 (E.D.N.Y. Sept. 23, 2014) (plaintiff's "hastily filed" motion for class certification was denied without prejudice to renewal after discovery when plaintiff conceded the Court could not possibly conduct a rigorous analysis on the record as presented); *3081 Main Street, LLC v. Business Owners Liability Team LLC*, 2012 WL 4755048, *1 (D.Conn. Sep 24, 2012) ("[T]here is nothing to be gained by formally staying plaintiff's current, underdeveloped motion while the court awaits the filing of a later, fully-developed motion. An order denying certification . . . is 'inherently tentative' and the court 'remains free to modify it in light of subsequent developments in the litigation.' Therefore, plaintiff's motion for class certification is denied without prejudice to renewal after discovery.") (citations omitted); *Physicians Healthsource, Inc. v. Purdue Pharma L.P., et al.*, No. 12-cv-1208 (D. Conn. Sept. 6, 2013)(the "rigorous analysis" required to determine whether the prerequisites of Rule 23 were met is impracticable when a plaintiff files a motion for class certification prior to discovery).

**(B) The Motion for Class Certification is Inadequate.**

The Fifth Circuit's decision in *Castano v. American Tobacco Co.* illustrates the rigorous analysis required under Rule 23(b)(3). 84 F.3d 734 (5th Cir. 1996). The *Castano* Court held that "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Id.* at 744. For example, to determine whether the proposed class action

satisfies the predominance requirement[1], a district court must analyze how the claims of the individual class representatives and those of absent class members will be adjudicated. *Id.* at 744-45. In *Castano*, at the district Court's direction, the Castano plaintiffs had submitted a four-phase trial plan. *Id.* at 738. A proposed trial plan is essential to allow the trial court to determine whether common issues predominate over individual issues. In the present action, Plaintiff has submitted no trial plan, and the district court cannot certify a class and then defer analysis of how essential issues will be decided.

The Fifth Circuit noted that a rigorous analysis of superiority is important because the certification of a class action may dramatically affect the stakes for defendants by magnifying and strengthening the number of unmeritorious claims and by creating insurmountable pressure on Defendants. *Id.* at 746. This is especially so because the plaintiff's may receive a large award and fee shifting is available. *See* 15 U.S.C. § 1692k(a)(3). In *Castano* the Firth circuit criticized the district court's approach:

> The problem with the district court's approach is after the class trial, it might have decided that reliance must be proven in individual trials. The court would then have been faced with the difficult choice of decertifying the class after Phase 1 and wasting judicial resources, or continuing with a class action that would have failed the predominance requirement of rule 23(b)(3). *Id.* at 745.

Because Plaintiff in this motion fails to analyze how the essential issues will be decided to determine how a judgment can be entered on the class claims, it is premature and deficient. This deficiency is even more relevant should the court attempt to determine how the proposed class action will proceed to final judgment and whether there are "true common issues" on the absent class members claims (do the common issues adjudicate the absent class members claims).

---

[1] The predominance requirement under 23(b)(3) is far more demanding that the commonality requirement under 23(a)(2). *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016)(internal citations and quotations omitted).

In short, because there is no discovery and are no facts in Plaintiff's motion, it is impossible for the court to analyze the predominance and superiority requirements (much less numerosity[2], commonality, and adequacy). Issues like (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation already commenced by members of the class; (C) the desireability or undesirability of concentrating litigation claims in the particular forum; or (D) the difficulties likely to be encountered in the management of the class are all ignored by Plaintiff. Premature certification would deprive Defendant of the opportunity to conduct discovery and properly argue certification to the court and creates the risk of decertification after considerable resources have been expended.

## IV. CONCLUSION

Absent Discovery – written and deposition – there is no meaningful way for Defendant to analyze Plaintiff's interest, the class interests, plaintiff's understanding of the nature of the claims, conflict of interest, whether the plaintiff or other purported class members have Article III standing, the adequacy of the named plaintiff's representation, and whether the operative facts are the same for Plaintiff and other purported class members. Putative class counsel in consumer cases has made it a common practice to file premature and inadequate motions for class certification before any discovery has been completed. This Court, in turn, has made it common practice to deny those premature and inadequate motions. Medicredit asks that the Court continue its practice, and deny the Motion.

---

[2] Indeed, mere conclusory allegations or statements regarding numerosity, as Plaintiff alleges in her Motion, are not sufficient to satisfy Rule 23. *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994).



SL 2059341.2

DATED this 23rd day of September, 2016.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Patrick T. McLaughlin

Scott J. Dickenson, #50478MO
Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
pmclaughlin@spencerfane.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, Eastern Division, this 23rd day of September, 2016, which will send notification to:

Dominic Pontello
5988 Mid Rivers Mall Dr.
Suite 114
St. Charles, MO 63304

*Attorney for Plaintiff*

/s/ Patrick T. McLaughlin